**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Yi Ming, LLC, a California limited liability company | **DEFENDANTS** The Precision Dental, Inc., a California corporation and California TD Specialists, a California corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) HABERBUSH, LLP, 444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802, Telephone: (562) 435-3456 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☒ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor    ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
One claim for relief for a declaratory judgment pursuant to Fed. R. Bankr. P. 7001(9) and 11 U.S.C. § 362, declaring that the foreclosure sale of the subject property is void for violating the automatic stay.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint    Demand $ N/A
Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Gerold L. Davis | BANKRUPTCY CASE NO.<br>2:23-bk-18363-VZ ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>VINCENT ZURZOLO |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Lane K. Bogard |||
| DATE<br>February 12, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LANE K. BOGARD ||

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: lbogard@lbinsolvency.com

Attorneys for Plaintiff

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Gerold L. Davis,<br><br>Debtor. | Case No. 2:23-bk-18363-VZ<br><br>**Chapter 7**<br><br>Adv. Case No. 2:25-ap-<br><br>**ADVERSARY COMPLAINT FOR DECLARATORY RELIEF** |
| Yi Ming, LLC, a California limited liability company,<br><br>Plaintiff.<br><br>v.<br><br>The Precision Dental, Inc., a California corporation and California TD Specialists, a California corporation,<br><br>Defendants. | |

YI Ming, LLC, a California limited liability company, plaintiff in the above-captioned adversary proceeding and party-in-interest in the above-captioned bankruptcy proceeding ("Plaintiff" and/or "Yi Ming"), hereby alleges in support of this complaint against California TD Specialists, a California corporation, and The Precision Dental, Inc., a California corporation, defendants in the above-captioned adversary proceeding, as follows:

**NATURE OF ACTION**

1. This Complaint seeks declaratory relief that the Sale (defined hereinbelow) of Real Property (defined hereinbelow) is void in violation of the automatic stay pursuant to 11 U.S.C. § 362.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 151 and 157.

3. This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure ("FRBP") and § 362 of the Bankruptcy Code.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

5. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (G), and (O).

## PARTIES

6. Plaintiff Yi Ming, LLC, is a party-in-interest and has its principal place of business in Los Angeles County, California.

7. Plaintiff is informed and believes and thereon alleges that Defendant California TD Specialists is a California corporation and has its principal place of business in Orange County, California and does business in Los Angeles County, California.

8. Plaintiff is informed and believes and thereon alleges that Defendant The Precision Dental, Inc. ("Precision Dental") (Precision Dental and California TD Specialists, collectively "Defendants") is a California corporation and has its principal place of business in Los Angeles County, California.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF

9. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 8 above, inclusive, as though fully set forth herein.

10. Plaintiff is informed and believes and thereon alleges that Gerold L. Davis, debtor in the above-captioned bankruptcy case ("Debtor"), at all relevant times, owned and owns real property located at 5111 7th Avenue, Los Angeles, CA 90043 (the "Real Property").

11. Plaintiff is informed and believes and thereon alleges that Defendant Precision Dental has and/or had a claim against Debtor secured by the Real Property.

12. Debtor filed a Chapter 13 bankruptcy case on July 25, 2023, commencing *In re Gerold*

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

*Lee Davis*, Case Number 2:23-bk-14642-VZ (the Chapter 13 Bankruptcy Case").

13. On or about August 14, 2023, the Chapter 13 Bankruptcy Case was dismissed for failure to file schedules and other required documents.

14. On or about August 14, 2023, Debtor executed a grant deed conveying an interest in the Real Property to Earline Davis ("Earline") as a joint tenant with Debtor.

15. On August 15, 2023, Earline filed a Chapter 13 bankruptcy case, commencing *In re Earline Davis* Case Number 2:23-bk-15217-VZ (the "Earline Chapter 13 Bankruptcy Case").

16. In the Earline Chapter 13 Bankruptcy Case, Defendant Precision Dental filed a Motion for Relief from Stay (the "MFRS").

17. In the MFRS, the Defendant Precision Dental sought relief from stay pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4).

18. The Court entered an order and granted the MFRS on October 13, 2023 (the "Order").

19. The Order appears to have given Defendants relief from the automatic stay to proceed under 11 U.S.C. § 362(d)(4). However, the Order does not check box no. 17 which, if checked, would result in the Order being "binding and effective in any future bankruptcy case, no matter who the debtor may be."

20. The Earline Chapter 13 Bankruptcy Case was subsequently dismissed on or about December 20, 2023 with a 180-day bar to re-filing.

21. On December 18, 2023, Debtor filed a Chapter 7 bankruptcy case, commencing *In re Gerold L. Davis*, Case Number 2:23-bk-18363-VZ (the "Current Bankruptcy").

22. In the Current Bankruptcy, Debtor listed the Real Property as his residence.

23. Plaintiff is informed and believes and thereon alleges that Defendant Precision Dental sought the assistance of Defendant California TD Specialists to conduct a non-judicial foreclosure sale of the Real Property.

24. Plaintiff is informed and believes and thereon alleges that Defendants proceeded with the foreclosure sale and the foreclosure sale occurred after the Current Bankruptcy was filed on or about December 19, 2023 (the "Sale").

25. Yi Ming purchased the Real Property at the foreclosure sale and later was informed of

the Current Bankruptcy.

26. Plaintiff is informed and believes and thereon alleges that, because the Order does not specify that it applies to an action against the Real Property, regardless of who the debtor may be, the Order is not applicable to the Debtor, the automatic stay was in effect when the Sale occurred.

27. Alternatively, Plaintiff is informed and believes and thereon alleges that even if the Order does grant *in rem* relief, the fact that the underlying debt is one that is owed by Debtor makes it such that the automatic stay applies and prohibits the Defendants from collecting that debt against Debtor pursuant to 11 U.S.C. § 362(a)(1) and (a)(6), which includes by foreclosing on the Real Property.

28. Because the automatic sale was in effect when the Sale occurred, the Sale violated the automatic stay and is void due to the violation of the automatic stay.

29. Plaintiff is informed and believes and thereon alleges that Defendants dispute these allegations.

30. An actual controversy is ripe for this Court's determination.

31. Plaintiff seeks a judgment in this Court declaring the Sale void for violating the automatic stay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter relief and judgment in its favor and against Debtor as follows:

32. On the First Claim for Relief, judgment declaring that the Sale void for violating the automatic stay.

33. For costs of suit; and,

34. For such other relief as the Court deems just and proper.

Respectfully submitted,

HABERBUSH, LLP

Date: February 12, 2025        By, /s/ Lane K. Bogard
                                  LANE K. BOGARD, Attorneys for
                                  Plaintiff, Yi Ming

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802